# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2010

No. 09-50972
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANCHA-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-1214-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Mancha-Perez appeals the 41-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326.[1]  Mancha-Perez argues that his sentence is unreasonable because his sentence is the result of impermissible double counting, does not reflect that his current illegal reentry conviction is not a crime

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Mancha-Perez does not appeal the 36-month term of imprisonment imposed following his guilty plea to making a false claim of United States citizenship.  18 U.S.C. § 911.

of violence and posed no danger to others, and does not reflect that he illegally reentered because he needed work to support his family. Mancha-Perez also argues that this court should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based.

Mancha-Perez's challenge to the presumption of reasonableness is foreclosed. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Mancha-Perez has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The district court's judgment is AFFIRMED.